IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08cv548

| | | |
|---|---|---|
| **TRAVELERS INDEMNITY COMPANY** as subrogee of THE RESIDENCES AT BILTMORE CONDOMINIUM HOA, INC., | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | |
| **DIBOCO FIRE SPRINKLERS, INC.,** | ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| Vs. | ) ) | **ORDER** |
| **VICTAULIC COMPANY,** | ) ) | |
| Third-Party Defendant, | ) ) ) | |
| Vs. | ) ) | |
| **ALLIED TUBE & CONDUIT, CORPORATION,** | ) ) ) | |
| Third-Party Defendant. | ) ) ) ) | |

**THIS MATTER** is before the court on Victaulic Company's Motion to

-1-

Compel. After such motion ripened with the filing by Victaulic of its Reply, the court proceeded to review the briefs related to the motions in the order in which they were filed. At page three of the Reply, Victaulic requests that the court conduct a hearing on its Motion to Compel. Counsel for Victaulic is respectfully advised that Local Civil Rule 7.1(C)(2) provides that "[m]otions shall not be included in responsive briefs," L.Cv.R. 7.1(C)(2)(W.D.N.C. Dec. 1, 2009), a requirement that not only insures requests for relief are promptly addressed, but a requirement that saves the court as well as the parties substantial time.

Review of the pleadings related to the Motion to Compel indicates that a hearing is necessary to resolve this discovery dispute. In advance of the hearing, the court will point out a few concerns that the court has with discovery efforts in this matter. Allied Tube is advised that where privilege is asserted as the basis for an objection to a discovery request, they are required to provide a privilege log. This alleged lack of provision of such a log raises concern inasmuch as the privilege has been raised as to documents and responses which would otherwise be discoverable. See Fed.R.Civ.P. 26. A party simply cannot claim privilege and refuse to provide a privilege log; indeed, some courts have found that doing so results in waiver of the privilege. Bregman v. District of Columbia, 182 F.R.D. 352, 363 (D.D.C. 1998). Allied Tube is furthered advised that one of its responsive arguments, to wit, that

Victaulic's motion is moot because it has now supplemented its responses, is not persuasive in light of the paucity of the supplemental materials and responses. Providing six pages of what are patently "promotional materials" from a corporate website, along with objections based on privilege that are not supported by privilege logs, is insufficient where the requesting party is clearly seeking discovery that is not only within the scope of Rule 26, but goes to the very heart of the litigation. Indeed, the vast majority of the documents sought should have been produced as initial disclosures. Counsel for Allied Tube should be prepared to tender to the court at the hearing a copy of its Rule 26(a)(1)(A) disclosures, with particular attention being directed to its Rule 26(a)(1)(A)(i) & (ii) disclosures.

With a March 1, 2010, discovery deadline looming, the court will set such matter on for expedited hearing and counsel for Allied Tube should be prepared to serve any documents or responses directed within 7 days of such hearing. Further, all counsel, who may or may not be familiar with court practices in the Asheville Division, are advised that this court strictly enforces the provisions of Rule 37(a)(5), but that counsel are required to support any such request in the manner set forth by the Court of Appeals for the Fourth Circuit. <u>Robinson v. Equifax Information</u>

Services, LLC, 560 F.3d 235, 243 -244 (4th Cir. 2009).[1] Further, all counsel should be aware that the district court does not routinely continue civil trials.

* * *

While the court has some concerns going into the hearing, such concerns should not be construed as decisive as Allied Tube has made some excellent points concerning the specificity of Victaulic's motion. The court has shared these concerns inasmuch as the parties are on the verge of spending a great deal of time and client resources in resolving a discovery dispute which should be amicably resolved by skilled counsel. Indeed, the issue could not be simpler, inasmuch as Victaulic is seeking basic information concerning failures, known problems, compatibility, and testing of pipe in a case involving alleged pipe failure. If the parties resolve this motion in advance of the hearing (including any fee award issue), they should communicate such to the court not later than the close of business on January 21, 2010. Otherwise, the parties should plan on spending a substantial part of the hearing day going over each contested request *seriatim* with the court. Having considered such request for hearing, the court enters the following Order.

---

[1] While Robinson dealt with fees for a prevailing party, there appears to be little difference in what a court must consider to determine an appropriate fee that is occasioned by failure to comply with the Rules of Civil Procedure.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Victaulic Company's Motion for Hearing (contained in its Reply, Docket Entry #49, at p. 3) is **GRANTED,** and Victaulic Company's Motion to Compel Third Party Defendant Allied Tube & Conduit Corporation (#41) is **CALENDARED** for hearing on Friday January 22, 2010, at 1:30pm in Courtroom #2 in Asheville.

Counsel for parties other than Allied Tube and Victaulic are not required to attend, but may do so in their discretion.

Signed: January 14, 2010

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge